UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

ROBERT OLSZEWSKI ,

       Plaintiff,                                  DEMAND FOR JURY TRIAL

-vs-                                            Case No.
                                                  Hon.

ACCRETIVE HEALTH, INC, and
ST. JOHN PROVIDENCE HEALTH SYSTEM,

       Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit resides in Clinton Twp, Michigan in Macomb County.

4. Defendant, ACCRETIVE HEALTH, INC ("Medical Financial Solutions") is a corporation doing business in Michigan.

1

5. Defendant, ST. JOHN PROVIDENCE HEALTH SYSTEM ("St. John Hospital and Medical Center") is a corporation doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Macomb County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. On or about September 14, 2009 through September 18, 2009, Plaintiff was admitted to St. John Hospital and Medical Center.

9. In January of 2010, Plaintiff began to receive billing statements in the amount of $47,114.90 – much of the goods and services Plaintiff was being charged for were fraudulent.

10. Eventually, Defendant St. John Hospital and Medical Center reduced the amount by over $30,270.50.

11. Defendant is still billing the Plaintiff illegally for goods and services he never received.

12. On August 31, 2010, Defendant, Medical Financial Solutions, phoned the Plaintiff and left a message which violated 15 U.S.C. §1692e(11).

13. Each time the Defendants contact Plaintiff attempting to collect money from him whihc lhe does not owe, it causes Plaintiff an extreme amount of stress and anxiety accompanied by severe physical symptoms.

## COUNT I – Fair Debt Collection Practices Act (Medical Financial Solutions)

14. Mr. Olszewski incorporates the preceding allegations by reference.

15. At all relevant times Medical Financial Solutions – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Medical Financial Solutions is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA").

17. Medical Financial Solutions's foregoing acts in attempting to collect this alleged debt against Mr. Olszewski constitute violations of the FDCPA.

18. Mr. Olszewski has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (Medical Financial Solutions)

19. Mr. Olszewski incorporates the preceding allegations by reference.

20. Medical Financial Solutions is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

21. Mr. Olszewski is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Medical Financial Solutions's foregoing acts in attempting to collect this alleged debt against Mr. Olszewski constitute violations of the Occupational Code.

23. Mr. Olszewski has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT III -- Violation of M.C.L. § 445.251 *et seq.*
### (St. John Hospital and Medical Center)

24. Plaintiff incorporates the preceding allegations by reference.

25. St. John Hospital And Medical Center is a "regulated person" as that term is set forth in M.C.L. § 445.251.

26. The acts and omissions of St. John Hospital and Medical Center described herein constitute willful or intentional violations of one or more acts prohibited under M.C.L. § 445.252 entitling Plaintiff to recover actual and statutory damages, as well as costs and attorneys fees.

### COUNT IV -- Injunctive and Declaratory Relief

### (St. John Hospital and Medical Center)

27. Plaintiff incorporates the preceding allegations by reference.

28. Plaintiff asks this Court to enjoin the Defendants from contacting the Plaintiff directly under any circumstances to collect the alleged, underlying debt from Plaintiff; Plaintiff disputes the debt and is represented by counsel; under 15 U.S.C. §1692c(a)(2) and 15 U.S.C. §1692c[c] Medical Financial Solutions is prohibited from contacting the Plaintiff in almost every circumstance.

29. Plaintiff also asks this Court to declare that the Plaintiff does not owe the amount he is being charged by the Defendants.

### Demand for Jury Trial

30. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Mr. Olszewski requests that the Court:*

*a.    Assume jurisdiction over all claims;.*

*b.    Award actual damages.*

*c.    Award statutory damages.*

*d.    Award punitive damages.*

  *e.*  *Award statutory costs and attorney fees.*

         Respectfully Submitted,

         ADAM G. TAUB & ASSOCIATES
         CONSUMER LAW GROUP, PLC

         By: <u>s/ Adam G. Taub</u>
            Adam G. Taub (P48703)
            Attorney for Robert Olszewski
            18930 West 10 Mile Rd. Suite 2500
            Southfield, MI 48075
            Phone:  (248) 746-3790
            Email:   adamgtaub@clgplc.net

Dated:  September 17, 2010